Bradford F. Ginder, State Bar No. 065929
bginder@hbsb.com
Steven Evans Kirby, State Bar No. 050896
sekirby@hbsb.com
HOLLISTER & BRACE,
A Professional Corporation
1126 Santa Barbara Street
Santa Barbara, CA  93101
Telephone:   (805) 963-6711
Facsimile:    (805) 965-0329

Attorneys for Plains Exploration & Production Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETROLECTS, LLC, a California Limited Liability Company,<br><br>         Plaintiff,<br><br>vs.<br><br>PLAINS EXPLORATION & PRODUCTION COMPANY, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>         Defendants. | Case No.:  CV11-02956-PSG(MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' "Stipulation Re Confidentiality Protective Order" ("Stipulation") filed on January 9, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those

1 terms have been substantively modified by the Court's amendment of paragraphs 3, 10, and 12 of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "CONFIDENTIAL," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "CONFIDENTIAL," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "CONFIDENTIAL," or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **TERMS OF PROTECTIVE ORDER**

1. **CONFIDENTIAL INFORMATION:  DEFINITION.**  The parties and nonparties to this action (including plaintiff's principals, Dr. Mason Medizade, Ph.D and his wife, Zohre A. Mehdizade) may produce documents, records and information referencing, discussing, or otherwise containing information lawfully entitled to confidential treatment under California law and/or federal law ("Confidential Information"), including, but not limited to, the following, subject to the right of any party to this action to object to the designation of material as "Confidential Information," as provided in paragraph 9 below:

    a.  Trade secrets defined by California Civil Code § 3426.1(d);

    b.  Confidential research, development, and commercial information;

    c.  Confidential financial, budgeting, and business forecast information;

    d. Information that a party is entitled to maintain confidential by contract; and

    e. Information submitted to a governmental office subject to a public policy of confidentiality.

Notwithstanding a. through e. above, "Confidential Information" does not include the following:

    f. Any information which is generally available to the public other than as a result of the breach of this Protective Order, including patent information and other publicly available information;

    g. Information that has been disclosed, or may be disclosed in the future, to a party by a nonparty (and who is not affiliated with a party) and who, at the time of disclosure, is under no legal obligation to prevent disclosure of the information or to keep it secret; and

    h. Any other information which is obtained by a party from any other unaffiliated person or entity independent of discovery in this litigation.

**2. TYPES OF CONFIDENTIAL INFORMATION.** For purposes of this Protective Order, Confidential Information may include oral testimony, declarations, pleadings, documents, tangible things, written responses to discovery requests, such as interrogatories and requests for admissions, and information contained within documents and records (including all written, recorded, electronic or graphic material, whether produced pursuant to FRCP Rules 30 through 34, subpoena, by agreement, or otherwise) created by, or provided to, a party or the Court by a party or nonparty during the course of this action.

**3. PURPOSE AND USE.** The parties desire to maintain and protect the confidentiality of Confidential Information and to facilitate the prompt resolution of disputes over confidentiality. To that end, the parties have stipulated and **agreed** to the entry of this Protective Order, which shall govern the designation and handling of all Confidential Information in this action. It is

hereby agreed and ordered that Confidential Information produced in this case shall be used by nonproducing parties to this action only for the purpose of prosecuting or defending this action (including appeals and re-trials) and shall not be used for any other purpose.  Disclosure or use of Confidential Information in any manner **contrary to** this Protective Order is **prohibited**.  The attorneys of record for the parties shall exercise reasonable care to insure that the Confidential Information governed by this Protective Order shall be (1) used only for the purposes specified herein, and (2) disclosed only to authorized persons.

**4. AUTHORIZED DISCLOSURE.**  Information designated as "Confidential Information" may be disclosed to counsel for each of the Stipulating Parties (including staff employed by such counsel); the parties (including their officers, directors, managers, and employees); court reporters, stenographers, or transcribers performing necessary duties in the action; photocopy services; consultants, litigation support, and expert consultants and expert witnesses (whether or not designated as such by counsel) who are engaged by counsel for the parties; and any other person whom the designating party or nonparty agrees in writing or on the record at a deposition or other proceeding may be shown such information.  Also, any person so designated by the Court in the interests of justice, upon terms as the Court may deem proper, may be authorized to see Confidential Information.

**5. DESIGNATION OF CONFIDENTIAL INFORMATION.**  Confidential Information produced by any party or nonparty as a part of discovery in this action may be designated by such party or nonparty as "Confidential" at the time of producing Confidential Information in the manner specified in this Protective Order.

**6. TIME FOR AND MANNER OF DESIGNATION.**  Material may be designated as Confidential Information by marking the document or discovery material with the words "CONFIDENTIAL" in a location that makes the

1  designation readily apparent.  If the designation is made on the transcript of any
2  deposition, counsel making the designation shall clearly state at the time of the
3  testimony what portions are deemed Confidential Information, and the court
4  reporter shall be instructed to separately bind that particular information in a
5  transcript marked "CONFIDENTIAL SUBJECT TO THE TERMS OF THE
6  PROTECTIVE ORDER."  Recognizing the complication of filing records under
7  seal with the court, the parties agree, and it is ordered, that the designation of
8  information as Confidential Information is to be done with restraint to avoid
9  designating material that is not reasonably intended **to be** confidential **or properly**
10 **characterized as such**.  For example, if only part of the information in a
11 document or page of a document is confidential then only the page(s) containing
12 the confidential information shall be marked "CONFIDENTIAL," and for each
13 page so designated the producing party or nonparty shall provide to the requesting
14 party two pages:  one without any redaction of Confidential Information, and the
15 other with only the specific Confidential Information redacted and without any
16 "CONFIDENTIAL" designation. The purpose of this requirement is to allow a
17 party who deems it necessary to file the document as an exhibit to a motion or
18 application to the Court, or in opposition or reply to a motion or application, to file
19 the redacted page(s) containing the Confidential Information and lodge the
20 unredacted pages pursuant to applicable FRCP Rules or Local Rules.
21     **7.    DUTY TO MAINTAIN CLEAN COPIES OF DOCUMENTS**
22 **MARKED "CONFIDENTIAL."**  Any party designating a document as
23 "CONFIDENTIAL" shall maintain a complete original without the designation
24 "CONFIDENTIAL" affixed to it, or if no original is available, a copy of the
25 original.  The reason for this requirement is to facilitate submission of clean copies
26 of the documents in evidence in the event that a "CONFIDENTIAL" designation
27 is challenged, and the Court rules that the document is not confidential.
28

**8. INADVERTENT FAILURE TO DESIGNATE.** If a party or nonparty producing Confidential Information inadvertently produces or discloses Confidential Information without marking it as such, the producing party or nonparty may subsequently designate the material or information as Confidential Information provided that such designation is made no later than thirty (30) days after producing the material or information or after receiving the deposition transcript, unless good cause is shown for making a later designation and the designating party or nonparty either obtains an agreement from the other parties or an order by the Court, after good cause shown, for such later designation. Late designation shall be made by sending to counsel for the other party a new document appropriately designated as provided in paragraphs 5 and 6, with a letter indicating the intent to make a late designation pursuant to this paragraph. However, until such time that a designation is made, the document or information shall not be covered by this Protective Order. When undesignated documents are later designated as Confidential Information, the party or parties to whom such undesignated documents were produced shall immediately use reasonable efforts to retrieve all copies of said documents from any and all individuals to whom the information has been disclosed and/or produced and return said undesignated documents to the designating party or nonparty upon receipt of the document(s) properly designated as Confidential Information. If the receiving party or parties have marked such inadvertently nondesignated documents with notes or information that are privileged or otherwise confidential, such party or parties shall so advise the designating party or nonparty and shall destroy such documents upon receipt of the properly designated document(s) instead of returning such undesignated document(s). Such inadvertent failure to designate shall not constitute a waiver of a claim of confidentiality regarding the material at issue. Any party's use of such material prior to receiving notice of the inadvertent failure to designate shall not constitute a violation of this Protective Order.

**9. OBJECTION TO DESIGNATION.** In the event that any party objects to the designation of any information as Confidential Information, such party shall provide written notice to the designating party of the document(s) or thing(s) to which it objects as being designated as Confidential Information. Within ten (10) days of receipt of such objection, the designating party shall meet and confer with the objecting party to attempt to resolve the dispute informally. If such meet and confer efforts are unsuccessful, the objecting party shall have the right to file a motion with the Court seeking determination that the designated document(s), testimony, or thing(s) (collectively "material") are not properly subject to protection as Confidential Information, as designated. Such motion shall be made within thirty (30) days after the objection to the designation is made. The party designating the material at issue as Confidential Information shall have the burden of proving that it is subject to such protection under applicable law. Failure to file a motion contesting the designations of material as Confidential Information shall not waive the receiving party's right to contest such designation at the time of trial or otherwise bar the receiving party from filing a motion in limine before trial to challenge such designation. Until the Court rules otherwise, all material designated as Confidential Information shall remain subject to the confidentiality terms of this Protective Order.

**10. AGREEMENT TO BE BOUND.** All persons to whom Confidential Information is disclosed pursuant to paragraph 4 (except for **the Court, Court personnel,** counsel, and their employees, plaintiff and officers of the defendants who are all otherwise subject to jurisdiction of the Court, and court reporters, stenographers and copy services) shall first sign an Agreement To Be Bound by a Stipulated Protective Order, in the form attached hereto as Exhibit A, and shall not reveal or discuss such information to or with any person who is not entitled to receive such information under the terms of this Protective Order. Counsel who shows such Confidential Information to such authorized person shall retain the

original Agreement To Be Bound by Stipulated Protective Order, and shall make it available to the Court and/or opposing counsel where necessary in the event of a dispute or disagreement.

11. **USE AT DEPOSITIONS.** In addition to the provisions of paragraph 4, Confidential Information may be disclosed to a witness at the time of deposition if such information is relevant to testimony requested of the witness on the condition that the witness signs a copy of the Agreement To Be Bound by Stipulated Protective Order. If the deponent refuses to sign the Agreement To Be Bound, the party wishing to disclose the Confidential Information shall be entitled to suspend the deposition and move the Court for an order directing the witness to comply or for any other appropriate order.

12. **USE AT TRIAL.** Counsel for the parties shall meet and confer at least sixty (60) days before the date of trial for the purpose of discussing**, and proposing to the District Judge,** a stipulation for protective order concerning the use of Confidential Information at trial. If counsel cannot agree upon such a stipulation, the matter shall be presented to the court by a motion in limine (which must be filed 45 days prior to the trial date of September 11, 2012, pursuant to the court's trial order) for an order intended to preserve the confidentiality of Confidential Information consistent with this Protective Order.

13. **INFORMATION OUTSIDE ORDER.** Information lawfully obtained by, or made available to, any party who becomes bound by this Protective Order, other than through discovery in this action, shall not be subject to this Protective Order. Furthermore, nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the designating party or nonparty consents to such disclosure or if the Court orders such disclosure upon good cause shown.

14. **RETURN OF CONFIDENTIAL INFORMATION.** Within thirty (30) days of a written request following the final conclusion of all aspects of this

litigation, including any appeals, by the party or nonparty producing Confidential Information, all material designated pursuant to this Protective Order, including copies, shall either be returned to that party or nonparty or shall be destroyed, at the option of the producing party or nonparty.  Upon written request by the producing party or nonparty, counsel shall promptly deliver a certification of compliance herewith.  This paragraph shall not be construed to require the return or destruction of any Court papers or exhibits, deposition transcripts or exhibits, regularly maintained litigation files, or other work product created for any party.

15. **MODIFICATION OF ORDER.**  Nothing in this Protective Order shall prevent any party or nonparty from seeking modification of this Protective Order or from objecting to discovery that he, she, or it believes to be otherwise improper.

16. **PRESERVATION OF OBJECTIONS.**  Nothing in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any party or nonparty to:  (a) contest the alleged relevancy, admissibility, or discoverability of Confidential Information; (b) object to any discovery request on any grounds not specifically addressed in this Protective Order; or (c) seek an order compelling discovery with respect to any discovery request.

17. **BINDING EFFECT.**  This Protective Order shall be binding upon the parties, counsel for the parties, all persons who sign the Agreement To Be Bound by Stipulated Protective Order and business entities and persons who may own or hereafter acquire stock or other ownership interest in any parties sufficient to control the party.

///
///
///
///
///

**18.    MUTUALLY AGREED UPON TERMS**. The language used in this Protective Order shall be deemed to be mutually chosen by all parties to it. This Protective Order shall be construed without regard to any presumption against a drafting party.

IT IS SO ORDERED.

Dated:  January 25, 2012

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

EXHIBIT "A"

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____ (type or print name), am employed by _____. I hereby acknowledge that I have received and agree to be bound by the Protective Order entered on January 25, 2012 ("Protective Order") in the action pending in the United States District Court, Central District of California entitled <u>Petrolects, LLC v. Plains Exploration & Production Company</u>, Case No.: CV11-02956-PSG(MANx) (the "Pending Action"). I understand that Confidential Information in the Pending Action has or may be designated as "Confidential" and that such Confidential Information shall be used only for the purpose of prosecuting or defending the Pending Action, and shall not be used for any other purpose, including, but not limited to, research, development, manufacturing, marketing, etc. I understand that disclosure of Confidential Information in any manner that is prohibited by the Protective Order is enjoined.

I hereby consent to the personal jurisdiction of the United States District Court, Central District of California for the sole purpose of determining my compliance with this Agreement To Be Bound by Stipulated Protective Order and any appropriate orders by the Court relating to use or unauthorized disclosure of Confidential Information under the terms of the Protective Order.

Date: _____

_____

(type or print name)